HELEN HARRINGTON, as Administratrix, etc., of MARTIN HARRINGTON, Deceased, Respondent, v. THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant.— Motion to dismiss appeal granted, unless the appellant shall file and serve the printed papers and printed briefs on appeal by February twentieth. Present — Sears, P. J., Crouch, Taylor, Thompson and Crosby, JJ.

HELEN E. WOODALL and Another, as Executors, etc., of THOMAS WOODALL, Deceased, Appellants, v. UNITED STATES CASUALTY COMPANY, Respondent.— Motion to dismiss appeal granted, unless the appellants shall file and serve the printed papers and printed briefs on appeal by February twentieth. Present — Sears, P. J., Crouch, Taylor, Thompson and Crosby, JJ.

## FIRST DEPARTMENT, FEBRUARY, 1930.

JAMES M. DAVIS, Individually, and as a Stockholder of EXHIBITORS TRADE REVIEW, INC., and in Behalf of All Other Stockholders, Appellant, v. ADELBERT B. SWETLAND and Others, Respondents.

PER CURIAM. In our opinion the result reached by the learned trial court below was correct and amply supported by the evidence. We think, however, that, under the evidence, an additional finding of fact should be made that the defendant Adelbert B. Swetland, duly appointed as liquidator of the defendant Exhibitors Trade Review, Inc., at all times acted reasonably in the discharge of his duties as liquidator of said corporation and in compromising and adjusting the claims of said corporation against Exhibitors Review Publishing Corporation and George C. Williams, and that said liquidator at all times acted for the best interests of the Exhibitors Trade Review, Inc., and that the rights of the defendant corporation were in no manner prejudiced by any act of said liquidator in effecting a settlement of said claims, and we so find. We also disapprove, as contrary to and against the weight of evidence, all findings of fact contained in the decision of the learned trial court below to the effect that the acts of said liquidator in compromising and settling said claims were unlawful, unauthorized or committed in violation of his duty as an officer and director of said corporation, or that thereby the stockholders of the defendant corporation were prevented from enforcing their rights and receiving the consideration due them from either the said George C. Williams or said Exhibitors Review Publishing Corporation. With such modification of the decision, the judgment appealed from should be affirmed, with costs to the respondents against the appellant. Present — Dowling, P. J., Merrell, Finch, McAvoy and Proskauer, JJ. Judgment modified as directed in opinion and as so modified affirmed, with costs to the respondents against the appellant. Settle order on notice.